UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, As Trustee for Harborview Mortgage Loan Trust 2005-8, Mortgage Loan Pass-Through Certificates, Series 2005-8, its assignees and/or successors<br><br>Plaintiff,<br><br>v.<br><br>SALEM SOMO and Does 1-10 Inclusive<br><br>Defendants. | Case No.: 19-cv-658-GPC-RBB<br><br>**ORDER:**<br><br>**GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE SUPERIOR COURT** |

On April 17, 2019, U.S. Bank National Association ("Plaintiff") filed a motion to remand its unlawful detainer action against Salem Somo ("Defendant") to California Superior Court.  On April 18, 2019, this Court issued an order informing the Defendant that he had until May 9, 2019 to file his opposition brief with the Court.  On May 9, 2019, the Defendant failed to file a memorandum in opposition to the Plaintiff's motion to remand to state court.  Having reviewed the motion to remand, the Court **GRANTS** the motion and **REMANDS** the action to the California Superior Court for lack of subject matter jurisdiction.

**Discussion**

The Plaintiff is the current owner of 13952 Olive Vista Dr., Jamul, CA 91935 after purchasing the property through a non-judicial foreclosure. (Dkt. No. 6-2 at 2.)[1] On October 2, 2018, the Plaintiff served a notice for possession of the property to the Defendant in accordance with California Civil Procedure Code § 1161a(b)(3). (Dkt. No. 1 at 7.) On October 27 and 29, 2018, the Defendant served the Plaintiff with an unlawful detainer complaint for failing to vacate the property. (Dkt. No. 6-2 at 2.) On March 13, 2019, the state court ruled on the Defendant's demurrer action, and on March 15, 2019, the Defendant filed an answer to the complaint. (Dkt. No. 1 at 5-8, 21.) On April 9, 2019, the Defendant filed a notice of removal with this Court, and on April 11, 2019, he demonstrated proof of removal during the state court trial. (Id. at 1; Dkt. No. 6-2 at 2.) On April 17, 2019, the Plaintiff filed a motion to remand back to California Superior Court. (Dkt. No. 6, 1.)

## I. Federal Question Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94–95 (1988). The Defendant contends that removal is proper under 28 U.S.C. §§ 1331 and 1441(a). (Dkt. No. 1 at 2.)

Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. The Defendant has not claimed diversity jurisdiction in this case. For an action to

---

[1] Page numbers are based on the CM/ECF pagination.

be removed based on federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10–11 (1983). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393. "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

While a plaintiff may choose to file suit in state court and avoid a federal question, a plaintiff may not use "artful pleading" to avoid federal jurisdiction by excluding necessary federal questions in the complaint. Franchise Tax Bd., 463 U.S. at 22 (citations omitted). The artful pleading doctrine states, a state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law[]; (2) where the claim is necessarily federal in character[]; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question []." ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000).

A review of the state court complaint in this case shows that the Plaintiff alleges a single cause of action for unlawful detainer under California Civil Procedure 1161(a). (Dkt. No. 1 at 5-8.) In the notice of removal, Defendant argues that a federal statute,

Protecting Tenants at Foreclosure ("PTFA") [2], provides the Court with federal question jurisdiction for two reasons: (1) the unlawful detainer action actually asserts a cause of action under the PTFA, and (2) the PTFA 90-day notice requirement preempts California state law on notice, and thus is a required element of an unlawful detainer action. (Dkt. No. 1 at 3.)

Most relevantly, "the PTFA expired on December 31, 2014." Fairview Tasman LLC v. Young, Case No. 15cv5493-LHK, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (citing Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010) (setting date of expiration)); see also Franks v. Franks, Case No. 17cv893-CAB-AGS, 2017 WL 1735169, at *2 (S.D. Cal. May 4, 2017). Here, on October 27 and 29, 2018, the Plaintiff served the unlawful detainer action and there is no indication that any of the facts constituting the unlawful detainer action occurred prior to December 31, 2014. (Dkt. No. 6-2 at 2.) Even if the PTFA applied, without further evidence in the record, the Defendant's argument are meritless.

In addition, The PTFA does not create a cause of action for a tenant. Logan v. U.S. Ass'n, 722 F.3d 1163, 1169 (9th Cir. 2013). In Logan v. U.S. Bank Nat'l Ass'n, the

---

[2] The Protecting Tenants at Foreclosure Act of 2009 states that:

> … In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to—
>
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
> (2) the rights of any bona fide tenant, as of the date of each notice of foreclosure—
>   (B) without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of the 90 day notice under subsection (1)[.]

See Pub. L. No. 111– 22, § 702, 123 Stat. 1632, 1660-61 (2009). The Protecting Tenants at Foreclosure Act was enacted to provide certain protections to tenants of foreclosed properties, including the right to live on the foreclosed property for the duration of the lease and the right to receive a 90-day notice to vacate. Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163 (9th Cir. 2013) (holding that the PTFA does not create a private right of action but rather created protections for tenants in state court proceedings).

court analyzed the Congressional record to determine that Congress showed no implicit or explicit intent to create a cause of action under the PTFA. Id; see also Nativi v. Deutsche Bank Nat'l Trust Co., No. 09-06096 PVT, 2010 WL 2179885 (N.D. Cal. May 26, 2010). District courts have cited Logan to support holdings that the PTFA does not create a cause of action for landlords. Fairview Tasman, LLC v. Young, Case No. 15cv5493-LHK, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (holding that the Logan reasoning also applies to an implied right of action for landlords); San Diego Pacificvu, LLC v. Wade, No. 15-CV-00181-BAS RBB, 2015 WL 588561, at *3 (S.D. Cal. Feb. 11, 2015). In Logan, the court held that the PTFA neither explicitly nor implicitly creates a cause of action, but instead explained that the PTFA is a defense in California state eviction proceedings. Logan, 722 F.3d at 1173. Therefore, the PTFA does not create a cause of action that could have originally been brought in federal court, and the PTFA on its own does not grant jurisdiction to this Court. See Caterpillar Inc., 482 U.S. at 393.

"Preemption gives rise to federal question jurisdiction only when an area of state law has been completely preempted by federal law." Perez v. Nidek Co. Ltd., 657 F. Supp. 2d 1156, 1161 (S.D. Cal. 2009) (citing Caterpillar Inc., 482 U.S. at 393); see also Wells Fargo Bank v. Lappen, No. C 11-01932 LB, 2011 WL 2194117, at *4 (N.D. Cal. June 6, 2011). Defendant argues that the Plaintiff failed to fulfill its obligations to provide the required 90-day notice requirement before filing a claim in state court, and that the federal statute is therefore drawn into controversy. (Dkt. No. 1 at 3.) However, the Defendant has not demonstrated that the PTFA preempts any state provision and district courts have rejected the argument that the PTFA preempts state law and have held it is not a basis for federal question jurisdiction. See Bay Home Pres. Serv. v. Nguyen, 15cv506-LHK, 2015 WL 1262144, at *2 (N.D. Cal. March 17, 2015); Wells Fargo Bank, 2011 WL 2194117, at *4; BDA Invest. Props. LLC v. Sosa, No. CV 11-3684 GAF (RZx), 2011 WL 1810634, at *2 (C.D. Cal. May 12, 2011) (citing Robinson v. Michigan Consol. Gas Co. Inc., 918 F.2d 579, 585 (9th Cir. 1990) ("The scope of complete preemption as

recognized by the Supreme Court is extremely limited, existing only where a claim is preempted by section 301 of the Labor Management Relations Act of 1947; where a state law complaint alleges a present right to possession of Indian tribal lands; and where state tort or contract claims are preempted by . . . the Employee Retirement Income Security Act of 1974.")). Thus, Defendant's claim is without merit.

Furthermore, if the Defendant had cited to a program created under 12 U.S.C. § 5201 that was still in effect, he has provided no evidence to support such a claim. 12 U.S.C. § 5201, includes the Emergency Economic Stabilization Act of 2008, which empowered the Secretary of the Treasury with "the authority and facilities" necessary to "restore liquidity and stability to the financial system." 12 U.S.C. § 5201. From this power, the Treasury Department created the Home Affordable Modification Program ("HAMP"). Dias v. Fannie Mae, 990 F. Supp. 2d. 1042, 1051 (D. Haw. 2013). This program required lenders to evaluate borrowers for loan modifications, grant modifications to qualified borrowers, and forebear from foreclosure while an application for loan modification is pending, amongst other responsibilities. Id. The Ninth Circuit has additionally found this program could support a breach of contract claim in federal court. See Corvello v. Wells Fargo, NA, 728 F.3d 878 (9th Cir. 2013) (holding a district court was wrong to dismiss a breach of contract claim that was supported by evidence that the plaintiff was utilizing the HAMP program). Regardless, here the Defendant provided no evidence that he applied to these programs, that he had a pending application, or that the Plaintiff violated any of its responsibilities under the program. Therefore, the record simply does not support the contention that 12 U.S.C. § 5201 provides a hook to bring this case into federal court.

Finally, the Defendant, in addition to not claiming diversity jurisdiction, has not claimed to be a federal officer, federal agent, or officer of the armed forces and the single state unlawful detainer claim was not brought under 28 U.S.C. § 2410. Therefore, the action is not removable under 28 U.S.C. §§ 1441(b), 1442, 1442a, or 1444. In sum, Defendant's assertion of federal subject matter jurisdiction is without merit. The

Plaintiff's state unlawful detainer claim is not removable, and the Court must therefore remand the case. See 28 U.S.C. § 1447(c).

## II. Procedural Defects

### A. Timeliness

For the reasons above, the Court has already found that it lacks subject matter jurisdiction. However, even had the Defendant met his burden and proved that subject matter jurisdiction exists, the Defendant's removal of this case to the federal courts was untimely. A Defendant must remove and notify the Plaintiff of a case's removal to federal court within 30 days of receiving the complaint. 28 U.S.C. § 1446(b). On October 27 and 29, 2018, the Plaintiff served the Defendant with the complaint. (Dkt. No. 6-1.) On March 13, 2019, the Defendant first responded to the complaint in state court. Id. The five-month delay alone is reason enough to make this Court the wrong forum for continued litigation.

### B. Waiver

The Defendant has waived his right to utilize the federal court system by participating in state court litigation, thus recognizing that court's power over him. See e.g. Baker v. National Blvd. Bank, 399 F. Supp 1021, 1022 (N.D. Ill. 1975). On March 13, 2018, the state court ruled on the Defendant's demurrer action, and on March 15, 2019, the Defendant filed an answer to the complaint. (Dkt. No. 1 at 5-8, 21.) Indeed, on April 11, 2019, the Defendant appeared at trial and presented evidence of his removal to federal court. (Dkt. No. 6-2 at 2.) By utilizing the state court system for both his demurrer and his answer, the Defendant has acknowledged that court's power, and he cannot after the fact turn to the federal court to litigate his case.

//
//
//
//
//

**Conclusion**

Based on the above, the Court **GRANTS** Plaintiff's motion and **REMANDS** the action to the Superior Court of the State of California for San Diego County. Subsequently, the Court vacates the hearing on the motion set for August 16, 2019.

**IT IS SO ORDERED.**

Dated: June 10, 2019

Hon. Gonzalo P. Curiel
United States District Judge